This case was submitted to the trial Court by a motion to take judgment on the pleadings, there being no dispute as to the facts, and judgment was rendered in favor of plaintiff, awarding compensation at the rate of $20 per week during disability, not to exceed 400 weeks, subject to credits of sums theretofore paid. The judgment was rendered in solido as against the defendants, Tremont Lumber Company and the partnership of Womack Womack, and jointly as against the individual members of the partnership, namely, W. Lannis Womack and Robert L. Womack.
From this judgment plaintiff and the defendant, Tremont Lumber Company, have appealed on the ground that the trial Court erred in decreeing the liability of the members of the partnership to be joint rather than solidary.
The record shows that the partnership of Womack Womack was the employer of plaintiff, and at the time of the injury was engaged in cutting logs and timber as an independent contractor for its principal, the Tremont Lumber Company.
[1] The answer of the partnership and the individual members thereof asserted that it was an ordinary partnership, and, since there is nothing in the record nor in the argument of counsel to controvert this fact, such status must be accepted.
Examination of the record discloses the fact that orders of devolutive appeal were granted the Tremont Lumber Company and the appeal bond fixed at $50. Orders of devolutive appeal were also granted plaintiff without bond, his suit having been brought in forma pauperis. Defendant, Tremont Lumber Company, has failed to perfect its appeal by filing a bond, but, since the identical question was raised in plaintiff's appeal, no purpose would be served in this instance by dismissing the appeal of defendant, Tremont Lumber Company. As to plaintiff, from a practical standpoint, the appeal raises a moot question, since his counsel stated in brief that plaintiff would not be "materially affected in the collection of his compensation whether the Court holds one way or the other, since his judgment against the Tremont Lumber Company as one of the in solido debtors is absolutely good." However, as plaintiff has properly complained of the effect of the judgment, we are not disposed to reject his right to a determination of the question raised, notwithstanding the fact that his material interest is somewhat remote and speculative. Under the circumstances, we deem it proper to pass on the appeal.
The extent of liability of partners as members of an ordinary partnership is specifically fixed by the provisions of the Civil Code:
"Ordinary partners are not bound in solido for the debts of the partnership, and no one of them can bind his partners, unless they have given him power so to do either specially or by the articles of partnership.
"Commercial partners are bound in solido for the debts of the partnership." Article 2872.
"In the ordinary partnership, each partner is bound for his share of the partnership debt, calculating such share in proportion to the number of partners, without any attention to the proportion of the stock or profits each is entitled to." Article 2873.
Inasmuch as the partnership of Womack Womack was an ordinary partnership, certainly the codal provisions above quoted must be applied in determining the measure and extent of liability of the two partners, W. Lannis Womack and Robert L. Womack, unless the effect of these provisions has been changed by statute or by the jurisprudence of the courts of our State. *Page 75 
On behalf of appellants, it is contended that Section 32 of Act 20 of 1914 is applicable. This section reads as follows:
"Be it further enacted, etc., That in case any employee for whose injury or death payments are due under this act, shall at the time of the injury be employed and paid jointly by two or more employers subject to the provisions of this act, such employers shall contribute to such payments in proportion to their several wage liabilities to such employee; provided, however, that nothing in this section shall prevent any arrangement between such employers for different distributions as between themselves of the ultimate burden of such payments. If one or more, but not all such employers should be subject to this act, then the liability of such of them as are so subject shall be to pay that proportion of the entire payments which their proportionate wage liability bears to the entire wages of the employee; provided, however, that such payment by such employer subject to this act shall not bar the right of recovery against any other joint employer."
In support of this contention, learned counsel for the appellants have cited the case of Robinson et al. v. Younse Lumber Co. et al., 8 La. App. 160, which case is the only citation of authority to which counsel have called our attention.
It is only necessary to read the Younse case to find that the facts clearly and finally distinguish the question from the case before us. The opinion of Judge Odom declared that the defendants were bound jointly and in solido under the facts disclosed by the record, regardless of whether or not they were commercial partners. The Court held that the logging business was a joint enterprise of J.R. and T.R. Younse, and, accordingly, they were liable both jointly and in solido for compensation due, by reason of the death of one of their employees.
In the instant case there is no room for argument, and, indeed, there has been none, which would indicate that the two Womacks were engaged either in a joint enterprise or in a commercial partnership.
In the case of Langston v. Red Iron Drilling Co. et al., D.C., 38 F. Supp. 136, an action for compensation, very much the same question was before the United States District Court. The opinion of Judge Porterie considered the articles of the code which we have quoted above in the light of the provisions of the Workman's Compensation Act, and concluded that each of the partners of an ordinary partnership engaged in oil and drilling operations were liable only to the extent of his share of the partnership debts.
[2] Appellants contend that the liberal construction feature of the compensation act should influence a holding in this case that the members of the ordinary partnership should be liable in solido. In support of this argument, they urge the injustices that may arise from the deliberate formation of partnerships between individuals, some or all of whom may be financially irresponsible. While we quite agree with the spirit of this argument, we cannot accept it as representing either good logic or good law. The spirit of liberal interpretation of a statute cannot be permitted to overbalance by implication the direct and specific codal rules and provisions which are applicable in a given case. And, while it is true that this fact might give opportunity for an avoidance of liability in the manner suggested by the argument, it is also true that not even the power and majesty of the law can protect against all eventualities. There have been instances in this State where compensation judgments against employers and their insurers proved to be uncollectible by reason of the insolvency of both employer and insurer.
[3] To us the conclusion is inescapable that the provisions of the code must be held to determine the point at issue, and, accordingly, we find, as did the district Judge, that the members of the ordinary partnership of Womack Womack are jointly liable under a judgment in favor of the claimant for compensation.
For the reasons assigned, the judgment appealed from is affirmed. *Page 76