FOURNET, Chief Justice.
 

 We granted certiorari upon the application of the defendant, showing that the decision of the Court of Appeal in this case is in direct conflict with decisions of the Court of Appeal, Second Circuit.
 

 The plaintiff, Ellis Trappey, who had been receiving compensation at the rate of $30 per week for injuries suffered in the course of his employment as manager and
 
 *635
 
 supervisor of the Lafayette plant of the Trappey Beverage Company of New Iberia ■and Lafayette, instituted suit directly against his employer’s insurer, Lumbermen’s Mutual Casualty Company, which, upon learning that at the time of the accident the plaintiff had become a partner in the business,
 
 [1]
 
 discontinued the compensation payments.
 

 The trial court, relying on the holding in the cases of Dezendorf v. National Casualty Co., La.App., 171 So. 160, and Harper v. Ragus, La.App., 62 So.2d 167, both decided by the Court of Appeal, Second Circuit, stated that “a partner cannot be both an employer and an employee within the intent of the Workmen’s Compensation Act [LSA-R.S. 23:1021 et seq.]” and •dismissed plaintiff’s suit on exceptions of no cause or right of action. On Appeal, the Court of Appeal, First Circuit, declined to follow the rationale of the cited cases and, after analyzing them, showed that the Dezendorf case
 
 [2]
 
 was based on the doctrine of the common law treating a partnership as an aggregate of individuals, the component members being co-owners of the partnership property and holding as joint tenants, and treating the payment of wages to a partner as but the adjustment of accounts between partners; and observed that the Ragus case merely followed the Dezendorf case. The appellate court thereupon undertook to show, in a carefully considered opinion, the nature of partnership under the civil law and under the jurisprudence of this State as being an entity with legal relations separate and distinct from those of its individual members, as a result of which it concluded, we think correctly, that the plaintiff had stated a right of action against the defendant; it reversed the judgment of the lower court, overruled the exceptions, and remanded the case for further proceedings. See La.App., 77 So.2d 183.
 

 Under our civil law system, unlike that of the common law, a partnership is an abstract ideal being with legal relations separate and distinct from those of its individual members; as was very aptly said by this Court more than a century ago, “The partnership once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil per
 
 *637
 
 son, which has its peculiar rights and attributes. ‘Une personne Active et morale séparée des associés. Fictae Cujusdam personae vicem obtinet.’ * * and, as pointed out in the opinion, “ * * * the partners are not the owners of the partnership property. The ideal being thus recognized by a fiction of law, is the owner; it has a right to control and administer the property, to enable it to fulfil its legal duties and obligations; and the respective parties, who associated themselves for the purpose of participating in the profits which may accrue, are not the owners of the property itself, but of the residuum which may be left from the entire partnership property, after the obligations of the partnership are discharged.” Smith v. McMicken, 3 La.Ann. 319, at pages 321-322; see, also, Christen v. Ruhlman, 22 La.Ann. 570; Paradise v. Gerson, 32 La.Ann. 532; Stothart v. William T. Hardie & Co., 110 La. 696, 34 So. 740; E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898; Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206; Atkinson & Co. v. Hibernia Nat. Bank in New Orleans, 186 La. 1074, 173 So. 768. The partnership may be sued without making the individual members thereof parties defendant. Brinson v. Monroe Automobile & Supply Co., supra; E. B. Hayes Machinery Co. v. Eastham, supra. It goes without saying that the wages due to the employees of a partnership are due and payable regardless of whether the partnership operates at a profit or a loss; and while commercial partners are bound in solido for the debts of the partnership, Article 2872, LSA-Civil Code of Louisiana, that liability does not become enforceable until the partnership has been dissolved. As pointed out in the case of E. B. Hayes Machinery Co. v. Eastham, supra, “ * * that liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved”; or, as otherwise stated in the opinion, “Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner.” It is only “* * * when the partnership has been dissolved, [in which case] it ceases to exist as a separate entity, and the liability of the partners becomes fixed.” 147 La. at pages 352, 354, 84 So. at page 900.
 

 We think, as did the Supreme Court of Oklahoma in the case of Ohio Drilling Co. v. State Industrial Commission, 86 Okl. 139, 207 P. 314, at page 317, 25 A.L.R. 367, that “ * * * the construction of the Workmen’s Compensation Act that a member of a partnership, who works for the partnership, and while so engaged is injured, is not an employee within the meaning of the act, is an exceedingly narrow construction of the act, * * * ”
 
 *639
 
 and, we might add, directly contrary to the spirit of the compensation statute of this State as recognized by the jurisprudence to the effect that its provisions should be liberally construed in order to provide the full benevolent effect intended by the lawmaker. Dyer v. Rapides Lumber Co., 154 La. 1091, 98 So. 677; Lemieux v. Cousins, 154 La. 811, 98 So. 255. It cannot be gainsaid that the plaintiff was performing services for the partnership, for which he received wages like all the other employees of the Trappey Beverage Company; and to now deprive .him of compensation would not only be contrary to the basic principles upon which the compensation laws of this State were founded — the intent being to abolish the rules of the common law as they applied to the injured workman, and establish in their stead a system whereby the loss is recognized as an element of the cost of production to be charged to the industry rather than to the individual employer, Puchner v. Employers’ Liability Assur. Corp., 198 La. 921, 5 So.2d 288; Speed v. Page, 222 La. 592, 62 So.2d 824—but would ignore the purpose and object of the act, these being to provide funds to sustain the injured employee while he cannot provide for himself. Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed.
 

 [1]
 

 .
 
 According
 
 to
 
 a stipulation in the record, Trappey’s Beverage Co. is a commercial partnership composed of H. W. Trappey, Bernard Trappey, A. F. Trappey, B. J. Trappey, George Trappey, Jr. and Ellis Trappey.
 

 [2]
 

 . In Dezendorf v. National Casualty Co., La.App., 171 So. 160, it was held that the plaintiff, who was a member of the partnership, could not legally be an “employee” so as to be entitled to recover compensation from either the partnership or its insurer; in doing so the Court of Appeal noted it was adopting the rule which prevailed in other States of the Union with the single exception of Oklahoma.