TATE, Judge
(dissenting).
I respectfully dissent from the majority’s holding that the injured claimant is not entitled to the protection of the workmen’s compensation act.
The majority decision rejects the plaintiff’s claim, even though: (1) Under the agreement between the claimant and Qoud, the claimant performed services for a hazardous business (operating trucks for hauling), (2) for which he drew compensation (one-half of the net profits), and (3), while doing so, the claimant was directly injured while performing hazardous work for this business.
The majority reaches this result, basically, on its theory that a working partner is not entitled to the protection of the compensation act when his services are to be compensated by a share of the profits instead of by wages. The majority reaches this result because the working partner awarded compensation in Trappey v. Lumbermen’s Mutual Cas. Co., 229 La. 632, 86 So.2d 515, was, as it happens, paid wages in addition to his share of the profits. As Professor Malone noted in the excerpt from his treatise quoted by the majority, such a circumstance is immaterial.
The Trappey case held that, in the civil law unlike the common law, a partnership is a separate entity. As a result, the partnership may incur obligations to its partners individually — the partners are not working for themselves, so to speak, but for the partnership, just as a corporate officer is working for the corporation rather than for himself, even though he may own 99 percent of the' corporation stock.
*762 As I read the essential holding of Trap-pey, a partner performing services for the partnership, is entitled, if injured, to receive the benefits of the workmen’s compensation act in the same manner as is any other employee. This is especially so when the agreement with the partnership shows that his remuneration is to be based partly on these services, as here.
The "majority points out the difficulty in determining the compensation rate here if the partnership operated at a loss instead of at a profit, or if the partner drew only living expenses and not a definite rate of pay. The difficulty in calculating the compensation rate does not, of course, justify denying recovery.
This sort of problem, further, is not new in our Louisiana compensation law. It has arisen in the case of independent contractors and of others working on a basis where the actual renumeration for their services is paid by net profits instead of by fixed wages. See Malone, Louisiana Workmen’s Compensation Law (1951), Sections 327 (p. 444), and 328 (p. 445). In such instances, the courts have sometimes based the compensation rate upon the gross drawing account or upon the wage rate of employees performing the same work on an hourly basis, or have adopted other mechanisms. After all, statutory “wages” for purposes of workmen’s compensation benefits is defined only as “the daily rate of pay at which the service rendered by the injured employee is recompensed”, LSA-R.S. 23:1021(11); it does not mean the actual dollars and cents received by the claimant on any particular day.
The fact that the claimant’s remuneration is in the form of net profits rather than of a fixed wage does not justify the denial of recovery; for, as been held, the workmen’s compensation benefits are then calculated in accordance with such form of remuneration. Stovall v. Solomon, La.App. 2 Cir., 94 So.2d 551; Harper v. Ragus, La.App. 2 Cir., 62 So.2d 167.
The majority has further overlooked the statutory presumption under the workmen’s compensation act that any person rendering services for another, including a corporate officer, is presumed to be an employee for purposes of the Louisiana Workmen’s Compensation Act. LSA-R.S. 23:1044. As earlier noted, this statutory presumption is not overcome simply because the remuneration is on a net-profit instead of a fixed rate.
Here before us we have a situation (1) where the claimant Carpenter was performing services for another (whether Cloud or else the partnership composed of Cloud and Carpenter) who was engaged in a hazardous work; (2) where this claimant was compensated for these services (i. e., by one-half the net profits, as well as by a drawing account for his living expenses) ; and (3) where he was injured while performing this hazardous work for the other. The plain rationale of Trap-pey, in my opinion, is that under these circumstances the. injured person is entitled to the benefits awarded injured employees under the workmen’s compensation act, whether the person so injured is technically a partner (see Trappey) or a corporate officer (see LSA-R.S. 23:1044, as amended in 1958) instead of an “employee” under the technical definition of the term.
The trial court reached this same result in its original opinion, which I think should be affirmed. The trial court on rehearing and new trial had reversed itself on the ground that the defendant insurer had a valid policy defense, which in my opinion was error.
Although the majority did not reach consideration of this latter question of a policy defense, under the jurisprudence the trucking business operated by Cloud, the named insurer, is entitled to the protection of the compensation policy issued by the defendant insurer, whether or not the business so operated by Cloud was technically by him individually or by (a loose oral relationship which lawyers might *763 technically characterize as) a “partnership” composed of Cloud and Carpenter. The insurance policy issued to Cloud was intended to insure the business operations conducted by him, and it must be construed so as to effect this mutual intention of the parties, see Maggio v. State Farm Mut. Ins. Co., La.App. 1 Cir., 123 So.2d 901, and the cases therein cited.
(It is to be noted that, if the policy protection is construed as limited only to Cloud individually, the insuring agreement insured nothing, if the relationship between Cloud and Carpenter is characterized as a partnership — for a partner is not individually liable for partnership debts. If such a technical defense is valid against the present claimant, it is also valid against other employees working for Cloud in the trucking businesss, which we now characterize as a partnership; for, under the interpretation sought by the defendant insurer, this insurer drew premiums only to insure Cloud’s non-existent individual liability for any employees injured in the business conducted by him.)
Whether the plaintiff was working for Cloud individually, or whether he was working for the separate entity of a partnership existing between the plaintiff and Cloud, in either event the plaintiff’s remuneration, i. e., his statutory wages, was to be one-half of the net profits. In either event, the insurance policy issued by the defendant insurer statutorily covered “the entire liability of the employer”; although, as between the employer and the insurer, the latter might recover for insufficient premiums paid due to misclassification or omission of listings of employees, and although the insurer as against the employer (but not the employees') might also invoke policy defenses. See LSA-R.S. 23:1162. Cf., LSA-R.S. 23:1161.
For the foregoing reasons, I respectfully dissent from the conclusion of my sincere brethren of the majority that coverage under the workmen’s compensation act may be denied because of the technicality that the statutory employee, a working partner, received remuneration in the form of a share of the profits, instead of in the form of a stated hourly, daily, weekly, or monthly compensation. In my opinion, such an artificial distinction is contrary to long-settled principles of our Louisiana Compensation Act, while also the majority’s conclusion is contrary to the Supreme Court’s holding in Trappey v. Lumbermen’s Mut. Cas. Co., cited above.