257 So.2d 761 (1972)
Lester J. LEGER, Plaintiff-Appellant,
v.
James TOWNSEND and Willis Wolf, Defendants-Appellees.
No. 3698.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1972.
Rehearing Denied March 1, 1972.
Writ Refused April 6, 1972.
*762 W. D. Atkins, Jr., Lafayette, for plaintiff-appellant.
Provosty & Sadler by William H. de Launay, Jr., Stafford, Pitts & Bolen by John L. Pitts, Alexandria, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
FRUGE, Judge.
This is a suit in tort for injuries sustained as a result of contact with an open flame. Plaintiff, Lester J. Leger, sued James Townsend and Willis Wolf, the first being an executive officer and stockholder of Townsend Brothers Construction Company, the company which employed plaintiff as a common laborer, and the second the general superintendent of Amerada Hess Corporation, the borrowing employer of the plaintiff when he was injured. The trial judge granted an exception of no right or cause of action as filed on behalf of defendant, James Townsend, to the petition. The plaintiff has appealed from that judgment. We affirm.
The question presented is the lone legal issue of whether a partner of a partnership covered by Workmen's Compensation Statute can be sued as a third party on an injury arising out of the partnership enterprise. It is acknowledged that the injury was one compensable under the Workmen's Statute; hence, plaintiff did not sue the partnership. At the time of the filing of the suit, partnership's liability workmen's compensation insurer had paid $15,000 in compensation benefits.
Appellant contends that he has stated a cause of action in his petition wherein he states:

"-2-
"That on or about January 30, 1970, defendant James Townsend was an executive officer and stockholder of Townsend Brothers Construction Company, which company employed plaintiff as a common laborer.

*763 "-4-
"Defendant Townsend hired plaintiff, and turned plaintiff over to defendant Wolf to do common labor for the benefit of Amerada, near Eola, Louisiana.

"-7-
"Plaintiff itemizes the negligence of Townsend and Wolf, which was a proximate cause of his injuries, as follows:
"a. James Townsend:
"1. Failed to supervise the work being done by plaintiff;
"2. Failed to furnish plaintiff with a safe place to work;
"3. Failed to provide and follow safe procedures for doing the work although he knew of the dangerous nature of it.
"4. Failed to provide proper equipment to prevent and extinguish spreading flames.
"5. Failed to provide an adequate and well trained crew."
Using these brief allegations as a basis, plaintiff has tried to supply the missing requisites of a cause of action by a very enterprising argument. He contends that since a partnership is a separate entity from the partners, the workmen's compensation statutory exclusion only applies to the legal entity, the partnership, and not to its members. The members then become third parties available in any suit of negligence filed from the incidences resulting from an enterprise of the partnership. Obviously, he gets much support from his own interpretation of Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515 (1956) wherein the Supreme Court held that a partner when performing regular duties for a partnership could be an employee of the partnership and qualify for workmen's compensation benefits. He is further contending that under this ruling every partner must be considered as an employee of the partnership. As an employee of the partnership, the partner could be sued as a co-employee of the plaintiff, and the statutory restrictions of the Workmen's Compensation Law would not be available to him. Cf. Vidrine v. Soileau, 38 So.2d 77 (La.App. 1st Cir., 1948).
A brief examination of the above excerpts from plaintiff's petition reveals the defects in his argument. Firstly, he identifies defendant as the executive officer and stockholder of his employer, Townsend Brothers Construction Company. Secondly, he alleges absolutely no facts under which the defendant could be considered a co-employee. This relationship is apparently to be assumed. Thirdly, the specification of negligence closely resembles negligence derived from a breach of the duties of the partnership rather than of defendant.
Our instant conclusion is that a partner is not in every instance considered an employee of the partnership. In the Trappey case, the plaintiff had been an employee of the partnership and after acquiring a partnership interest was still performing considerable duties for the partnership as an employee. The court held that as an employee he could sue the partnership's workmen's compensation insurer. This holding cannot be taken to mean that all the advantages of a partnership have been stripped away and a partner could never avail himself of the protection of the codal provisions of limited liability of the partnership arrangement.
A partnership is a separate entity from its members, and the individual members thereof cannot be sued for debt thereof during the existence of the partnership. LSA-C.C. Article 2872, Kline v. Dawson, 230 La. 901, 89 So.2d 385 (1956); Brinson v. Monroe Automobile & Supply Co., 180 La. 1064, 158 So. 558, 96 A.L.R. 1206 (1934). A partner's liability is secondary, and as such only becomes enforceable when the partnership entity becomes insolvent.
*764 We think that plaintiff failed to allege a cause of action.
For the foregoing reasons, the decision appealed from is affirmed. Plaintiff-appellant to pay the costs of the appeal.
Affirmed.