262 So.2d 119 (1972)
Willie Roy COCKERHAM, Plaintiff-Appellant,
v.
CONSOLIDATED UNDERWRITERS and Winnfield Veneer Company, Defendants-Appellees.
No. 11829.
Court of Appeal of Louisiana, Second Circuit.
April 24, 1972.
Rehearing Denied May 23, 1972.
Writ Refused June 22, 1972.
*120 Holloway, Baker, Culpepper, Brunson & Cooper, by Bobby L. Culpepper, Jonesboro, for appellant.
Watson, Murchison, Crews & Arthur, by William P. Crews, Jr., Natchitoches, for appellees.
Before BOLIN, PRICE, and HEARD, JJ.
En Banc. Rehearing Denied May 23, 1972.
PRICE, Judge.
This appeal concerns the issue of immunity of individual partners of a partnership from tort liability arising out of an accident for which a partnership employee is entitled to the benefits of the Louisiana Workmen's Compensation Statute.
The trial judge sustained an exception of no right and cause of action and dismissed plaintiff's petition in tort against the members of the partnership individually as the court was of the opinion the individual members of the partnership are protected from tort liability by the compensation statute.
We affirm the trial judge's decision for the reasons explained hereafter.
As this appeal concerns solely an issue of law, there is no necessity of a recitation of the facts giving rise to this litigation other than to state that the plaintiff, Willie Roy Cockerham, sustained an accidental injury while working within the course and scope of his employment with Winnfield Veneer Company, an ordinary partnership owned by J. Ross Holcomb, Sr., J. Ross Holcomb, Jr., James A. Holcomb, F. S. Kuhns, O. D. Bratton, C. H. Bratton and Mrs. F. S. Kuhns, all non-residents of this state. As of the trial of this cause, benefits under the Workmen's Compensation Statute were being paid plaintiff by the compensation insurer, Consolidated Underwriters.
In his brief and on oral argument in this court, the sole assignment of error complained of by appellant is the finding of the trial judge that the injured employee's exclusive remedy was an action for workmen's compensation benefits and that he could not assert an action in tort against the individual members of the partnership on grounds of negligence on their part.
The pertinent sections of the Workmen's Compensation Statute involved in resolving this question are LSA-R.S. 23:1032 (providing that the benefits bestowed on the employee under the act are his exclusive remedy), and LSA-R.S. 23:1101, which provides an exception to the foregoing rule as follows:
"1101. Employee and employer suits
 against third persons causing
 injury; effect on right to compensation
"When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action *121 of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury. * * *"
In Adams v. Fidelity & Casualty Company of New York, 107 So.2d 496 (La.App. 1st Cir. 1959), the First Circuit Court of Appeal held that corporate officers are not within the purview of the term "employer" as used in Section 1101 but are "third parties" as defined in this section and are not entitled to the immunities granted to the employer by Section 1032.
Counsel for appellant contends the rationale applied in Adams that corporate officers and directors are "third parties" under the compensation statute and thus amenable to suit in tort for their negligent acts, should be extended to classify the individual members of a partnership as "third parties" with the resultant tort liability for negligence causing injury to the employee of the partnership. In further support of this theory, appellant cites the decision of Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515 (1956). In Trappey the court allowed a partner to sue the workmen's compensation insurer for benefits under the compensation statute for an injury suffered by the partner who was also a salaried employee of the partnership.
The jurisprudence prior to Trappey denied a partner the right to sue for workmen's compensation benefits, holding he could not be both an employer and employee at the same time. Dezendorf v. National Casualty Co., 171 So. 160 (La.App. 2d Cir. 1936).
The court in Trappey in refusing to follow the holding of Dezendorf discussed the separate entity theory of a Louisiana partnership from the individual partners. It is this language of the Trappey case on which appellant bases his argument that the individual partners in the instant case are not "employers" but are "third parties" as these terms are used in Section 1101 of the Workmen's Compensation Statute.
In effect the Trappey case holds a partner may in proper circumstances also be an employee for the purpose of maintaining an action for workmen's compensation benefits by direct action against the compensation insurer of the partnership. For this result to obtain, the partner must be employed by the partnership to perform duties not encompassed by the partnership agreement and for wages not contingent on partnership profits. We do not consider this case to hold a partner is not an "employer" within the meaning of this term as used in LSA-R.S. 23:1101.
Although the majority opinion of this court in Berry v. Aetna Casualty and Surety Company, 240 So.2d 243 (La.App. 2d Cir. 1970) in dicta gave approval to the principles espoused in the Adams case, supra, we do not consider the doctrine of Adams should be extended to render members of a partnership liable in tort for an injury to a partnership employee compensable under the Workmen's Compensation Statute.
There are vast distinctions in the status of a corporate officer or director and a member of a partnership. Corporate officers and directors cannot, as a general rule, become personally liable for any debts or obligations of the corporation. They would not, therefore, personally pay any portion of workmen's compensation benefits to the injured employee. To the contrary, the individual partners of an ordinary partnership as herein involved are individually responsible for their pro rata share of the partnership debts. La.Civ.Code Art. 2873. Should the partnership assets be insufficient to pay a compensation claimant, then the ordinary partners would be jointly liable for this indebtedness. Taylor v. Womack, 22 So.2d 73 (La.App. 2d Cir. 1945).
We conclude that the plaintiff's petition has not stated a cause of action as the sole acts of negligence alleged seeking to create *122 liability in defendants for plaintiff's injury arise entirely from their status as partners in the operation of the Winnfield Veneer plant at which plaintiff was employed.
This result is consistent with the holding in the very recent case of Leger v. Townsend and Wolf, La.App., 257 So.2d 761, decided by the Third Circuit, in which writs were denied by the Supreme Court, La., 259 So.2d 914.
For the foregoing reasons the judgment appealed from is affirmed at appellant's cost.