273 So.2d 46 (1973)
Donald BERSUDER
v.
NEW ORLEANS PUBLIC SERVICE, INC. et al.
No. 5215.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Sanford Krasnoff, Robert K. Moffett, New Orleans, for plaintiff-appellant.
Dillon & Williams, C. T. Williams, Jr., New Orleans, for Edmond Brignac, defendant-appellee.
Before SAMUEL, STOULIG and BAILES, JJ.
STOULIG, Judge.
Plaintiff, Donald Bersuder, appeals from the summary judgment dismissing his tort *47 action against the individual partner, Edmond Brignac, for injuries sustained in a job-related accident while in the employ of the partnership, Industrial Outdoor Displays.
Plaintiff bases his action for a personal judgment against Brignac on LSA-R.S. 23:1101 of the Workmen's Compensation Act, authorizing "employee and employer suits against third persons causing injury * * *." More specifically plaintiff alleges that Mr. Brignac, as president and a partner, was negligent in the following respects:
"a. Failure to properly warn petitioner of the danger involved in this location;
b. Failure to properly instruct, school, warn and train your petitioner in the proper method of handling such dangerous conditions as appeared at this location;
c. Failure to properly provide your petitioner with safety equipment which would protect him from injuries from contact with high tension wires;
d. Failure to provide your petitioner with proper supervision and having agents of the partnership using your petitioner to work at a dangerous location when they knew your petitioner was untrained, improperly equipped and that the billboard was improperly constructed."
The defendant Brignac filed a motion for summary judgment urging that plaintiff's exclusive right and remedy against the partnership and individual partners is restricted to a claim for workmen's compensation benefits as provided in LSA-R. S. 23:1032. Based upon this section of the compensation statute and the jurisprudential interpretation of LSA-R.S. 23:1101, defendant submits that the appellant is precluded from maintaining this tort action.
The issue presented by this appeal is whether the plaintiff's pleadings contain sufficient factual averments to qualify Brignac as a "third party" under LSA-R. S. 23:1101, thereby avoiding dismissal of this action by summary judgment.
Plaintiff predicates his right to recovery on the theory that the Supreme Court in the case of Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515 (1956), stated, inter alia, that a partnership is a separate and distinct entity from its partners and that a partner can be an employee of the partnership. He further contends that a partner bears the same relationship to a partnership as a corporate officer bears to a corporation. Plaintiff reasons that since a corporate officer has been held to be a "third person" under LSA-R.S. 23:1101 and personally liable to employees for his negligence (Adams v. Fidelity and Casualty Company of New York, 107 So.2d 496 [La.App. 1st Cir. 1958]) the same responsibility should be exacted of the individual partner.
An identical argument was urged in the recent case of Cockerham v. Consolidated Underwriters, 262 So.2d 119 (La.App.2d Cir. 1972), writ refused, 262 La. 315, 263 So.2d 49 (1972). In rejecting plaintiff's attempt to equate the legal responsibility of a partner to that of a corporate officer, the court stated:
"There are vast distinctions in the status of a corporate officer or director and a member of a partnership. Corporate officers and directors cannot, as a general rule, become personally liable for any debts or obligations of the corporation. They would not, therefore, personally pay any portion of workmen's compensation benefits to the injured employee. To the contrary, the individual partners of an ordinary partnership as herein involved are individually responsible for their pro rata share of the partnership debts. La.Civ.Code Art. 2873. Should the partnership assets be insufficient to pay a compensation claimant, then the ordinary partners would be *48 jointly liable for this indebtedness. [Citation omitted.]" 262 So.2d at 121.
Based on the foregoing distinctions, we likewise reject appellant's argument in the instant matter.
The allegations of negligence asserted against Mr. Brignac in plaintiff's petition are similar to those considered in Leger v. Townsend, 257 So.2d 761 (La. App.3d Cir. 1972), writ refused, 261 La. 464, 259 So.2d 914 (1972). There the court observed:
"A brief examination of the above excerpts from plaintiff's petition reveals the defects in his argument. Firstly, he identifies defendant as the executive officer and stockholder of his employer, Townsend Brothers Construction Company. Secondly, he alleges absolutely no facts under which the defendant could be considered a co-employee. This relationship is apparently to be assumed. Thirdly, the specification of negligence closely resembles negligence derived from a breach of the duties of the partnership rather than of defendant." 257 So.2d at 763.
We adopt this interpretation as applicable to the instant pleadings and conclude that the plaintiff has failed to plead sufficient facts from which it can be inferred that Mr. Brignac was in fact a "third person" within the contemplation of LSA-R.S. 23:1101 and, thereunder, subject to liability.
Under the posture of the pleadings in this case, the court properly granted a summary judgment as there exists no genuine issue of material fact. Accepting the averments of plaintiff's petition as being true, the defendant Brignac is entitled to a judgment as a matter of law.
For the reasons above assigned the summary judgment dismissing appellant's action is affirmed. All costs of this appeal are to be borne by appellant.
Affirmed.