275 So.2d 872 (1973)
Telliott J. DUPUY
v.
PARISH CONTRACTORS, INC., and Commercial Union Insurance Company.
No. 5361.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
Rehearing Denied May 1, 1973.
J. Michael Cumberland, Badeaux, Discon & Cumberland, New Orleans, for plaintiff-appellee.
James H. Drury, Madison C. Moseley, Drury, Lozes & Curry, New Orleans, for defendants, third-party plaintiffs-appellants.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
Defendants, a contractor and its insurer, appeal from a judgment casting them for workmen's compensation for total and permanent disability and rejecting their third-party demand against an alleged partnership between plaintiff and his uncle. Plaintiff answers the appeal, seeking penalties and attorney's fees.
The defense is that plaintiff did not work for the contractor but was a partner in the alleged partnership, and, as a partner, was not entitled to compensation (citing *873 Carpenter v. New Amsterdam Cas. Co., La.App.1964, 159 So.2d 757, writ refused, 245 La. 797, 161 So.2d 276).
It is no longer disputed that plaintiff's heart attack on the job was an accident (see Ferguson v. HDE, Inc., 1973, La., 270 So.2d 867) which has, for workmen's compensation purposes, totally and permanently disabled plaintiff.
Defendant contractor operated by contracting with homeowners or others to furnish and install aluminum or vinyl siding upon their buildings. Installers were not kept on a payroll, but were paid a flat rate per 10' × 10' square of siding; and in addition to their physical labor installers (including plaintiff and his uncle) had to supply a truck to carry the siding materials to the jobsite. The agreements with the installers were thus for more than manual labor. Neither income nor social security taxes were withheld from the per-square payments.
Assuming that an individual thus employed would be, by traditional tests, an "independent contractor", he would still be covered by workmen's compensation law because a "substantial part of [his] work time * * * is spent in manual labor by him in carrying out the terms of the contract * * *", R.S. 23:1021 subd. (6). And the compensation payments to the individual as manual laborer could not be recovered by third-party demand against him as independent contractor under R.S. 23:1061-1063; Manuel v. Jennings Lbr. Co., 231 So.2d 458 (La.App.1970).
Because of our view of the facts, we need not decide whether the employment of a partnership to install siding, and the subsequent spending by both partners of substantial part of their time in manual labor, would require a different result (but see R.S. 23:1061 and Trappey v. Lumbermen's Mut. Cas. Co., 1956, 229 La. 632, 86 So.2d 515).
The controlling and inescapable fact is that defendant contractor never contracted with a partnership as such to install siding.
It was "common practice" for all installers to work in pairs (including plaintiff and his uncle), because siding labor on all but the smallest job was too much for a man to handle alone. Sometimes three or four installers would work together on a larger job. Defendant contractor did not pay the price of the labor to a partnership of the pair of installers, but to the individual laborers in equal shares. The ingenious defense argument that this was a mere convenience for the "partners" is not supported by evidence.
The term "partnership" first arose in a statement written by defendants' adjuster but signed by plaintiff. The statement described plaintiff as "in partnership" with his uncle, with whom "I split the profit 50-50 after expenses." An agreement between two employees to divide equally their net earnings might make them partners within the broad definition of C.C. art. 2801;[1] but such an agreement does not make their partnership the party who contracted with the employer.
Despite the wording of the statement plaintiff signed, it seems altogether inaccurate to characterize his working as a crew with his uncle as an agreement to divide earnings. Each earned and kept his own earnings. There was no evidence that when one alone might go to a small job he would give half of the earnings to the other. And, when three or four men went out on a job, it seems a straining to characterize that as a new "partnership" merely because the pay was equal to each (and some agreement must presumably have been made among them about whose truck was *874 to be used and who'd pay for gas or make any contribution to truck expense).
Nor could we suppose that plaintiff and his uncle impliedly agreed that, if one was driving his truck and caused damages, that both would be responsible as partners for damages caused. In fact, each maintained insurance on his own truck, and there was never any accounting among them as to such costs.
Only on a long trip (e. g., to Mississippi) would one pay gas and the other supply the truck. Ordinarily they simply "took turns" supplying the truck.
We conclude that defendant contractor's arrangements with two (or more) siding applicators did not constitute the applicators a partnership or cause any different result for workmen's compensation purposes than contracting with a single applicator. R.S. 23:1021 subd. (6) is applicable and § 1063 is not.
To reach the contrary result would defeat the purpose of § 1021 subd. (6). The workman-partner entitled to comp from a § 1061 principal would owe it back (or at least his virile share, see C.C. arts. 2872, 2873) because the partner, unlike the corporate shareholder, is not insulated from the legal entity's liability. See Bersuder v. New Orleans Pub. Serv. Inc., 273 So.2d 46 (La.App. 1973). Thus the workman-partner would both owe to the principal and be owed by the principal, and confusion, C.C. art. 2217, would extinguish (at least his virile share of) the comp liability.
We do, however, reject plaintiff's claim for penalties including attorney's fees. The legal issues were far from clear because of the breadth of our partnership definition and the treatment of partners by the courts in respect to compensation. We do not find defendant insurer was "arbitrary, capricious, or without probable cause", R.S. 22:658.
The judgment is affirmed.
NOTES
[1] "Partnership is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties."