JULIAN E. BAILES, Judge Pro Tem.
Plaintiff appeals from the judgment of the trial court sustaining an exception of no right of action and dismissing his suit to recover damages in tort under the provisions of LSA-R.S. 23:1101 and LSA-C.C. Article 2315 for an injury he allegedly sustained while employed by Industrial Outdoor Displays. The named defendants are Industrial Outdoor Displays, a business partnership composed of Edmond M. Brig-nac, Sr., Mrs. Laura Brignac Monterio and Edmond M. Brignac, Jr., the three above-named partners, and Fireman’s Fund American Insurance Companies, which allegedly provided liability insurance covering the subject matter of this litigation.
On our finding that the judgment appealed is correct, we affirm.
For a cause of action, plaintiff alleges that he was employed by Industrial Outdoor Displays and while in the course and scope of his employment and in performing certain work while on a billboard scaffold at 7405 St. Bernard Highway in St. Bernard Parish he fell therefrom as a result of damage which occurred on the scaffolding about three months previously; that although defendants had knowledge of the damage to and the dangerous condition of said billboard scaffolding they failed to repair the damage and thereby failed and refused to provide him (the plaintiff) with a safe place to work; and that the accident and resulting injuries to plaintiff were caused by the “fault and negligence of all and every defendant, jointly, severally, and singularly; which consisted of, but not limited to, the following:
“(a) in sending petitioner to a site with which he was unfamiliar and which was inherently dangerous;
“(b) in sending petitioner to a site known to be dangerous and unsafe;
“(c) in knowing said site to be dangerous and unsafe and failing to take the proper and necessary steps to remedy the situation;
“(d) in failing and refusing to provide petitioner with a safe place on which to *427 work and conduct the duties for which he had been hired;
“(e) in failing to properly advise petitioner of the dangers awaiting him at said site;
“(f) Wanton and total disregard for the safety and welfare of petitioner, their co-worker;
And all other causes which may be shown at the trial of this cause.”
The defendants filed peremptory exceptions of no right or cause of action to plaintiff’s petition. The grounds urged in the exceptions are that plaintiff’s exclusive remedy against Industrial Outdoor Displays and the three named partners is under the Louisiana compensation statute for the reasons that they all qualify as employers of the plaintiff within the meaning of the compensation act and they are not third parties against whom a tort action may be prosecuted; and that inasmuch as there is no legal liability in tort against the partnership or the named partners, defendant, Fireman’s Fund American Insurance Companies, is entitled to be dismissed from this action.
We find the holding of this court in the case of Bersuder v. New Orleans Public Service, Inc., 273 So.2d 46 (La.App., 1973), is determinative of the issues raised by the peremptory exceptions and dispositive of plaintiff’s action.
Therein the plaintiff brought a tort action against one of the same defendants herein, namely, Edmond Brignac (Sr.) alleging that he sustained injuries because of his failure to provide plaintiff a safe place to work, or stated conversely, his failure to warn plaintiff of the dangers involved in the location of his work.
In the Bersuder case, we affirmed the ruling of the trial court sustaining a motion for summary judgment. The issue presented to us in that appeal was whether the plaintiff’s petition contained sufficient factual averments to qualify Brignac as a “third party” under LSA-R.S. 23:1101 to avoid a dismissal of the action by summary judgment.
Herein, although plaintiff alleges a “wanton and total disregard for the safety and welfare of petitioner, their co-workers,” (a conclusion of law), and in argument urges us that under the concept that the partnership is an entity, separate and distinct from its individual partners, these co-workers are third persons under the allegations of his petition against whom a tort action, may be brought. Further plaintiff argues that the rationale of Adams v. Fidelity and Casualty Co., La.App., 107 So.2d 496, and Hebert v. Blankenship, La.App., 187 So.2d 798, holding that officers and agents of a corporation are third parties against whom a tort action might be brought, should be extended to partners of a partnership, thus making applicable the reservation provisions of LSA-R.S. 23:1101 to an action under LSA-C.C. Article 2315.
We discussed this precise issue in Ber-suder v. New Orleans Public Service, Inc., supra, wherein it was resolved adverse to plaintiff. For the reasons more fully discussed therein, we find that the individual partners are not co-employees of plaintiff and neither one is a “third person” within the contemplation of LSA-R.S. 23:1101.
For the foregoing reasons the judgment of the trial court sustaining the peremptory exception of no right of action filed by defendants and dismissing this suit is affirmed at appellant’s cost.
Affirmed.