WATSON, Judge
(concurring in part and dissenting in part) :
This case involves three issues which may be described briefly as (1) whether the dragline operator was a borrowed servant (2) whether Guinn is immune from suit because of his partnership status and (3) whether there is a claim against Maryland Casualty Company. As to the majority’s disposition of issues number one and three, I concur, but as to the affirmance of the summary judgment in favor of Guinn, I dissent.
I concur with the majority’s conclusion that there is a genuine issue of material fact as to whether Slocum’s regularly employed dragline operator, Hathorn, became a borrowed employee or an employee pro hac vice of Central.
As to the second issue, the liability of defendant Guinn, I respectfully dissent from the opinion of the majority which affirms summary judgment as to Guinn. I am of the opinion that the immunity from suit enjoyed by a partner where an employee of the partnership is injured, allegedly by the partner’s negligence, is inconsistent with the theory of partnership in the civil law. The cases of Leger v. Townsend, 257 So.2d 761 (La.App. 3 Cir. 1972); writ denied 261 La. 464, 259 So.2d 914; Cockerham v. Consolidated Underwriters, 262 So.2d 119 (La.App. 2 Cir. 1972), writ denied 262 La. 315, 263 So.2d 49; and Bersuder v. New Orleans Public Service, Inc., 273 So.2d 46 (La.App. 4 Cir. 1973) hold that a partner cannot be held individually liable in tort for injuries to an employee of the partnership. However, I *612 believe that these decisions are incorrect for the reasons stated in Professor Harrison’s analysis at 34 La.L.R. 265, which points out that they ignore the separate entity theory of partnership in the civil law.
As to issue number three, I agree with the majority’s reversal of the summary judgment in favor of Maryland Casualty Company and the remand of the case as to this issue.