349 So.2d 338 (1977)
Andrew LEWIS
v.
Mrs. Sara PAILET, d/b/a Jefferson Bottling Co., and Fireman's Fund American Insurance Co.
No. 7879.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
On Rehearing August 1, 1977.
Writ Refused October 26, 1977.
Gertler & Gertler, M. H. Gertler, New Orleans, Richard H. Levenstein, for plaintiff-appellant.
Dillon & Williams, Gerard M. Dillon, New Orleans, for defendants-appellees.
Before GULOTTA, SCHOTT and MORIAL, JJ.
MORIAL, Judge.
Plaintiff appeals from a judgment of the district court granting summary judgment for defendant, Sara Pailet. We affirm.
Plaintiff was injured in the course and scope of his employment while driving a truck owned by Pailet Industries, a partnership doing business as Jefferson Bottling Company and Claiborne Ice House. While *339 driving down South Claiborne Avenue in New Orleans in a northerly direction, the truck's brakes failed causing plaintiff to collide with another vehicle.
Plaintiff sued Sara Pailet, the managing partner of Pailet Industries, as well as other supervisory employees in tort. He alleged that they were negligent in failing to properly maintain the vehicle and further alleged that the accident was caused solely by the defective brakes in the truck provided by defendant Jefferson Bottling Company.
Sara Pailet contended that plaintiff's exclusive remedy is in workmen's compensation and filed a motion for summary judgment. Three affidavits by Sara Pailet were filed in support of her motion for summary judgment. In her several affidavits defendant Pailet declared that she had delegated the duties of supervisor of employees, maintenance and inspection of vehicles used in the business of Jefferson Bottling Company and Claiborne Ice Company to the respective general managers of those separate divisions of Pailet Industries; that she never undertook the above responsibilities and had no knowledge of the defective condition of the vehicle. Plaintiff filed no counter affidavits. The district court granted Pailet's motion for summary judgment. We affirm.
Subsequent to the district court's ruling, the Supreme Court decided Cooley v. Slocum, 326 So.2d 491 (1976). In Cooley the Court held that a partner in the employing partnership is not immune from individual tort liability for injuries sustained by an employee of the partnership. In view of Cooley plaintiff has a possible action in tort against Pailet. However, in reviewing the record as a whole, as we are bound to do, we are of the opinion that the decision of the district court is correct.
In Cooley the Supreme Court analogized the cause of action to that of an employee against an executive officer of a corporation as set out in Canter v. Koehring, 283 So.2d 716 (La.1973). In Canter at page 721 the Court stated:
"* * * personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm." [footnote omitted]
Defendant's declaration in her affidavits in support of her motion for summary judgment substantially show that there is no genuine issue as to material fact. When scrutinized under the requirements in Canter necessary to find personal fault of an officer, agent, or employee upon which personal liability can be imposed, defendant's affidavits in support of her motion for summary judgment together with plaintiff's petition show substantially that there is no genuine issue as to material facts. See LSA-C.C.P. Article 966.
Plaintiff failed to file any opposing affidavits. He relied on the allegations of his petition to show that there is a genuine issue for trial. A party who opposes a properly supported motion for summary judgment cannot rely upon the bare allegations or denials of his pleadings, but must respond by affidavit or as otherwise provided and must set forth specific facts showing the existence of a genuine factual issue for trial. LSA-C.C.P. Articles 966 and 967. As here, should the opposing party fail to respond, summary judgment, if appropriate, shall be rendered against him. See Continental Casualty Co. v. McClure, 313 So.2d 260 (La.App. 4 Cir. 1975).
This is an appropriate case for the rendition of a summary judgment. Plaintiff failed to present any facts to support the *340 bare allegations of negligence on the part of Mrs. Pailet as set out in his petition. Sara Pailet as the managing partner of Pailet Industries had delegated the duties of personal supervision over the employees and maintenance and inspection of vehicles used in the businesses of the partnership to her subordinate managers. Therefore, applying the doctrine of Canter to the facts set forth in Mrs. Pailet's affidavits and the allegations of plaintiff's petition we cannot find her personally liable for the injuries sustained by the plaintiff.
The judgment of the district court is affirmed at plaintiff's costs.
AFFIRMED.
SCHOTT, J., dissents.
SCHOTT, Judge, dissenting.
LSA-C.C.P. Art. 966 provides that the summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, . . ."
As was pointed out in the majority opinion, the Supreme Court in Canter v. Koehring, 283 So.2d 716 (1973) provided that for liability to attach to the executive officer plaintiff must show that the officer breached a personal duty toward the injured plaintiff but the executive officer may avoid liability if he establishes that the defendant's general responsibility "has been delegated with due care to some responsible subordinate . . . ." See Downey v. Callery, 338 So.2d 937 (La.App. 4th Cir. 1976), writs refused, La., 340 So.2d 1389 (1977).
Mrs. Pailet, as the managing partner of plaintiff's employer, had a personal duty toward plaintiff to insure that the brakes on the truck which plaintiff was required to operate were functioning properly. The record establishes that Mrs. Pailet delegated this responsibility or duty to the general manager of Claiborne Ice Company, the division of her company for which the truck was used and being operated at the time of plaintiff's accident. In order for defendant to prevail she must show, however, that her delegation was made with due care and that the general manager of Claiborne Ice Company was a responsible subordinate. There is nothing in the record to show that there is no genuine issue as to these material facts which are necessary elements in the defense of this case.
I would reverse this summary judgment and remand the case to the trial court for further proceedings.
ON REHEARING GRANTED
PER CURIAM.
We find no error in our original decision.
ORIGINAL DECREE REINSTATED.
SCHOTT, Judge, dissenting from Per Curiam on Rehearing.
I adhere to my original dissenting opinion.