KNOLL, Judge.
The very limited legal question presented in this writ application is whether a partnership creditor can sue the partnership and the general partner in the same suit.
On April 5, 1991, Falcon Drilling Company, L.P. (Falcon) brought suit against Transamerican Energy Limited, III (Trans-american), a Texas partnership, for the collection of money allegedly due it on open account and to have a mineral lien recognized. Transamerican then filed for relief under Chapter 11 of the bankruptcy code. In connection with Transamerican’s plan of reorganization, the Bankruptcy Court ordered that all creditors of Transamerican were enjoined as follows:
“Notwithstanding any prior order modifying the Bankruptcy Code section 362 automatic stay, all creditors and parties in interest are hereby forever enjoined from the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor (except as allowed by 11 USC Sec. 553 to which no stay or injunction shall apply), or any of its property, any obligation, debt, claim, lien, or security interest except pursuant to the terms of the plan.”
Nevertheless, on September 9, 1991, Transamerican and Falcon agreed to allow the automatic stay to be lifted to allow Falcon to take the necessary actions to perfect any lien it may hold against the well. Transamerican and Falcon agreed that the amount of the lien was $75,000. As part of the modification agreement, Falcon was prohibited from enforcing the lien until 30 days after an order was entered confirming the debtor’s (Transamerican’s) plan of reorganization. The plan further prohibited enforcement of the lien, except pursuant to the terms of the plan.
In an amending petition filed on March 6, 1992, Falcon added Richard Marcus as a party defendant, alleging that he was a general partner in Transamerican. In the partnership agreement Marcus is recognized as the general partner of Transameri-can. The liability of the general partner is spelled out in the Transamerican partnership agreement as follows:
“The General Partner shall be liable for the debts and obligations of the Partnership in accordance with the terms of those debts and obligations; but all such *747 debts and obligations shall be paid or discharged first with the assets of the Partnership ... before the General Partner shall be obligated to pay or discharge any such debt or obligation with its personal assets.”
As stated in the partnership agreement, the general partner’s liability is consistent with Louisiana law in that the partner’s liability is secondary. See, LSA-C.C. Art. 2817 infra.
Marcus filed exceptions of prematurity, discussion, no right of action and no cause of action to Falcon’s suit. The trial court granted the dilatory exception of discussion,[1] and denied the remaining exceptions, stating as follows:
“The Court finds that Richard Marcus’ (Exceptor’s) Peremptory Exception based on no right of action is without merit. If the cause of action exists, Plaintiff has the ‘right’ to bring this action.
Likewise, the Court finds that the Peremptory Exception based upon no cause of action is without merit. The petition states a cause of action against Exceptor.
Based upon Article 737 of the Louisiana Code of Civil Procedure, the Court finds that a partnership and a partner can be sued in the same action. Therefore, Plaintiff’s suit against both is not premature as to Exceptor. The Dilatory Exception based upon prematurity is not valid.”
Relator, Marcus, seeks supervisory writs from the judgment of the trial court which denied his exceptions of prematurity, no cause of action, and no right of action. Marcus’s specifications of error are that the trial court erred: (1) in implicitly overruling the two Louisiana Supreme Court decisions of Trappey v. Lumbermen’s Mutual Casualty Co., 229 La. 632, 86 So.2d 515 (1956), and E.B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898 (1920); and, (2) in overruling his exceptions of prematurity, no right of action, and no cause of action. For the following reasons, we affirm the trial court and deny the writ application.
DISCUSSION OF EXCEPTIONS
Marcus, relying on Trappey and Hayes, contends that the trial court erred in denying his various exceptions. He argues that he cannot be held liable for the partnership debts until the indebtedness is established contradictorily with the partnership, or, alternatively, until the partnership is dissolved or no longer exists. He further argues that because Transamerican is shielded by the stay order from the bankruptcy court, Falcon may not proceed against him.
LSA-C.C.P. Art. 737 provides:
“A partnership has the procedural capacity to be sued in its partnership name. The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant.”
LSA-C.C. Art. 2817 provides:
“A partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership.”
Commenting on Article 2817, the Revision Comments — 1980 state that a third person may sue the partnership and the partners at the same time as provided in LSA-C.C.P. Art. 737.
After carefully reviewing the jurisprudence, we do not find that the trial court erred in denying Marcus’s various exceptions.
It is clear that Marcus may be sued along with Transamerican on a partnership debt. LSA-C.C.P. Art. 737; Koppers v. Mackie Roofing & Sheet Metal, 544 So.2d 25 (La.App. 4th Cir.1989). In reaching this conclusion, we find that neither the original stay order nor the amended stay issued by the Bankruptcy Court in Transamerican’s Chapter 11 action prohibited Falcon from *748 making Marcus a co-defendant with Trans-american. It is well provided in the bankruptcy code that even the discharge of a debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt. 11 U.S.C. 524(e). Thus, it is clear in the case sub judice that the stay orders, pre-discharge procedures, cannot be construed to prohibit Marcus’s inclusion as a defendant; to hold otherwise would contravene the bankruptcy code. See, United States v. Stribling Flying Service, 734 F.2d 221 (5th Cir.1984).
Now we turn our attention to Trappey and Hayes, the two cases on which Marcus relies. In Trappey, the Supreme Court was presented with the question of whether a worker’s compensation insurer could terminate compensation payments when it learned that the claimant, an employee of a partnership at the time of injury, became a partner in the partnership after his injury at work. Finding that the partnership is a wholly separate legal entity distinct from its partners, the Louisiana Supreme Court, quoting from Hayes, stated:
“ ‘... [Liability does not become enforceable against the individuals who compose the partnership, separate and apart from the firm, until it has been dissolved’; or, as otherwise stated in the opinion, ‘Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner.’ It is only ‘... when the partnership has been dissolved, [in which case] it ceases to exist as a separate entity, and the liability of the partners becomes fixed.’ ” (Emphasis added.)
We agree with the decisions of Trappey and Hayes, but do not find that their application to the present case prohibits Marcus’s joinder as a defendant. Since Trans-american is primarily liable for its debts, and Marcus has pleaded discussion, Falcon may be prohibited from enforcing judgment against Marcus until Transamerican has been cast in judgment and the partnership assets prove insufficient to satisfy the judgment. LSA-C.C. Art. 2817. However, at this stage of the proceedings, Falcon is merely making Marcus a defendant with Transamerican as provided by LSA-C.C.P. Art. 737.
In conclusion, we find that Falcon stated a cause of action against Transamerican and Marcus since its claim against Trans-american began prior to the original bankruptcy stay order, and under Art. 737 Marcus could be made a party defendant with the partnership. Likewise, since Art. 737 allows Falcon to sue Marcus in the same suit brought against Transamerican, the trial court properly held that the action against Marcus was not premature. Lastly, since Falcon is a creditor of the partnership, we find that it has a right of action since it has a legal interest to assert its claim for payment against Marcus should Transamerican’s assets prove insufficient to pay Falcon’s judgment.
For the foregoing reasons, Marcus’s writ application is denied, and this matter is remanded to the trial court for further proceedings. Costs of this writ are assessed to Richard Marcus.
WRIT DENIED.

. The dilatory exception of discussion was granted by the trial court. Falcon has not contended that the trial court erred in granting this exception. Accordingly, the issue of discussion is not before us.