DOMENGEAUX, Judge.
This is an appeal from a summary judgment dismissing the tort claim of plaintiff Leslie A. Laird as to The Travelers Indemnity Company only in its capacity as the automobile liability insurer of Dick Evans, Inc.
Plaintiff was injured in an automobile accident on November 22, 1966. He was a passenger in a 1966 model Ford panel truck belonging to Dick Evans, Inc., which was being driven easterly on U.S. Highway 90 in Jefferson Parish, Louisiana, by one Adrian Ballam. The truck collided with a 1957 Chevrolet automobile owned and being driven by Floyd J. Malbrough, and which itself had just before been involved in a collision with a 1957 Cadillac automobile owned and being driven by one A. L. Nivens.
In considering this summary judgment matter the following facts are applicable: Plaintiff Laird was employed by Dick Evans, Inc., as a deep sea diver, as was Adrian Ballam. They were returning home after having completed certain offshore work when the aforementioned accident occurred. Floyd J. Malbrough was in the employ of Pratt-Farnsworth, Inc., and his *901 1957 Chevrolet automobile was insured for liability by State Farm Mutual Automobile Insurance Company. Liberty Mutual Insurance Company is the liability insurer for Pratt-Farnsworth. The Travelers Indemnity Company is the liability insurer of Dick Evans, Inc., on the 1966 model Ford panel truck in which plaintiff Laird was riding at the time of his accident. The Travelers is likewise the liability insurer of Dick Evans, Inc., and J. Ray McDermott, Inc., for liability in maritime matters, and further is the workman’s compensation insurer of J. Ray McDermott and Dick Evans, Inc.
Alleging joint negligence on the parts of Adrian W. Ballam, Floyd J. Malbrough and A. L. Nivens, plaintiff instituted this suit against them for damages as a result of the aforedescribed accident and joined as defendants therein Travelers Indemnity Company, Liberty Mutual Insurance Company, State Farm Mutual Automobile Insurance Company, and Dick Evans, Inc. In the alternative plaintiff prayed for judgment under the Jones Act (46 U.S.C.A. § 688) against J. Ray McDermott, Inc., (made defendant as alleged co-owner and operator of the vessel to which plaintiff was attached), Dick Evans, Inc., and Travelers Indemnity Company; in the further alternative plaintiff prayed for judgment under the Louisiana Workmen’s Compensation Law against J. Ray McDermott, Inc., Dick Evans, Inc., and The Travelers Indemnity Company.
Upon application by plaintiff, a jury trial was ordered as to all issues in this case.
Defendants J. Ray McDermott and Dick Evans, Inc., filed a motion for partial summary judgment seeking dismissal of plaintiff’s suit against them in connection with his maritime claim under the Jones Act, and the trial judge, assigning written reasons therefor, concluded that there was a substantial question of fact involved in plaintiff’s claim under the Jones Act and denied said motion for partial summary judgment.
Defendant The Travelers Indemnity Company filed a motion for summary judgment alleging that the liability policy of insurance which it issued to Dick Evans, Inc., insuring the 1966 Ford panel truck in question, contained an exclusionary provision which denied coverage to any employee injured as the result of the negligence of another employee of the same employer while using an automobile in the course or scope of the employment and in the business of the employer. The trial judge basing his decision on the pleadings, affidavits, admissions and depositions in the record, concluded that there were no disputed issues of fact concerning the exclusionary clause, and that it applied to plaintiff. He granted summary judgment in favor of The Travelers Indemnity Company dismissing it as party .defendant only in its capacity as the liability insurer of Dick Evans, Inc., on the 1966 model Ford panel truck.
Plaintiff has appealed from this judgment.
We do not find it necessary, expedient or proper to determine if there are disputed issues concerning whether or not plaintiff was acting within the scope and course of his employment with Dick Evans, Inc., while he was returning to his home at the time of the accident; nor whether plaintiff was injured in an accident because of the negligence of a co-employee, while in the course of employment concerning the maintenance or use of the truck in the business of the employer.
It is to be remembered that plaintiff’s thrust in this case is three-fold against defendant, The Travelers Indemnity Company: first, against it as liability insurer of the panel truck; second against it as insurer of McDermott and Evans under the Jones Act and thirdly, against it as the workmen’s compensation insurer of Mc-Dermott and Evans.
*902 Should plaintiff succeed in proving liability in any of the three instances, defendant The Travelers would be cast in the instance where liability is shown.
The Louisiana Supreme Court, in the recently reported case of Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542, analyzing our summary judgment law, Article 966 C.C.P., stated that in ruling on a motion for summary judgment the Court’s function is to determine whether a genuine issue of fact exists, and not to resolve any factual issue. The question whether summary judgment is available here is suggested by the following expression of the High Court in that case:
“Our conclusion, therefore, is that Article 966 was not intended to be used to permit ‘piecemeal’ trial, or usurp the function of the well recognized exceptions of no right or no cause of action. Rather, it was intended to be used only in cases where there is no material issue of fact to be determined; where a judgment for either party might be rendered in the case (depending on how the legal issues are resolved); and where such judgment disposes of the entire case. Such a situation is clearly not presented here.”
Of particular applicability in the case at bar is the last portion of the above quotation to the effect that summary judgment “ * * disposes of the entire case.”
To dismiss Travelers from liability in connection with the exclusionary clause of its policy covering the panel truck in question would not dispose of the entire case insofar as it is concerned. It could still remain liable under the Jones Act after a determination by the jury, and in the absence thereof there could be liability under the Workmen’s Compensation Act. (Jury trial's are not available in Workmen’s Compensation cases C.C.P. 1733, but no issue is made on that subject at this time; in any event this procedural question has no bearing on the basic question of summary judgment presented herein.)
For the foregoing reasons the judgment of the District Court entered for the defendant, The Travelers Indemnity Company on the motion for summary judgment is annulled and set aside. The said motion for summary judgment is overruled, and this matter is remanded to the District Court for further proceedings in accordance with law and the views herein expressed. The Travelers Indemnity Company is to pay all costs of this appeal. The other costs are to await a final determination of this entire case.
Reversed and rendered.