HOOD, Judge.
Lloyd L. Cooley claims damages for personal injuries sustained by him when he fell or jumped off a railroad car while working for Central Plumbing and Heating Company. Defendants are: J. W. Slocum, d/b/a J. W. Slocum Construction Company; Jimmy B, Guinn, a partner in the partnership doing business as Central Plumbing and Heating Company; Maryland Casualty Company; and Aubrey Edwards. Slocum,- Guinn and Maryland filed motions for summary judgment dismissing the suit as to them. The first two named defendants also filed exceptions of no right and no cause of action. The trial judge rendered a summary judgment dismissing the suit as to Slocum, Guinn and Maryland, and he also rendered judgment overruling the exceptions of no right or cause of action. Plaintiff appealed.
The issues are: (1) Was Slocum’s regularly employed dragline operator a borrowed employee, or an employee pro hac vice, of Central at the time the accident occurred? (2) Is defendant Guinn, a partner in the employing partnership, immune from tort liability for injuries sustained by plaintiff during the course of his employment by that partnership? (3) Is plaintiff entitled to recover from the liability insurer of defendant Guinn, even if Guinn should be held to be immune from 'tort liability?
The pleadings and the receivable evidence show that an accident occurred on April 24, 1972, while Cooley was working as a pipefitter for Central Plumbing and Heating Company, a partnership composed of defendant Jimmy Guinn and his brother, Leroy Guinn. Plaintiff at that time was helping to unload some pipe from a railroad gondola car for his employer. Defendant Edwards also was an employee of Central, and he was serving as foreman on the job. Central had rented a dragline, with an operator and an oiler, from defendant Slocum, and the dragline was being used in unloading the pipe. A piece of pipe slipped or rolled over while being moved by the dragline, and that caused plaintiff to jump or to fall from the railroad car. He sustained injuries as a result of that accident.
Maryland Casualty Company was the liability insurer of defendant Slocum. It also was the workmen’s compensation and liability insurer of Central.
Plaintiff alleges that Slocum was negligent in having failed to furnish adequate equipment and personnel for unloading the car, and in failing to warn plaintiff and others of the danger. He alleges also that defendants Guinn and Edwards were negligent in having failed to utilize safe equipment and to supervise properly. He demands judgment against defendant Maryland, as the liability insurer of both Slocum and Guinn, and he argues that he is entitled to recover from Maryland as the insurer of defendant Guinn, even if Guinn should be decreed to be immune from tort liability.
The trial judge concluded that the operator of Slocum’s dragline was a borrowed employee, or an employee pro hac vice, of Central at the time the accident occurred, and that for that reason Slocum and its insurer were not liable for the damages sustained by plaintiff. He held that Cooley’s remedy against defendant Guinn, a partner in the employing partnership, is exclusively under the workmen’s compensation act, and that plaintiff thus is not entitled to recover damages from that defendant. The trial judge held, finally, that the liability policy issued by Maryland to Central excluded coverage for damages for the injuries sustained by plaintiff, since plaintiff was entitled to compensation for that injury under the workmen’s compensation act. For *608 those reasons, a summary judgment was rendered dismissing the suit as to those three defendants. Judgment also was rendered overruling the exception of no right or cause of action filed by Slocum and Guinn, the parties having stipulated that such a judgment should be rendered since the rights of those parties would be determined on the motions for summary judgment. No determination was made of plaintiff’s claim against Edwards, and the suit is still pending against that defendant.

Liability of Slocum

The evidence produced at the hearing on the motions for summary judgment included affidavits of J. W. Slocum, Richard Hathorn (the operator of Slocum’s drag-line) and Jimmy B. Guinn. It also included depositions of those parties and the deposition of defendant Edwards, as well as the insurance policies which Maryland had issued to Slocum and Central.
The evidence shows that Central was engaged in the business of plumbing, heating, air conditioning ventilation and industrial piping. It entered into a sub-contract with Mclnnis Brothers Construction Company to lay some insulated pipe in connection with a construction job being performed by Mclnnis, as general contractor, at the City of Alexandria power plant. Some of the pipe was delivered by railroad, and the railroad gondola cars containing the pipe were parked on a siding at the construction site. Central entered into an agreement with Slocum under the terms of which Slocum furnished Central with a dragline or crane, which was to be used in unloading the pipe. The dragline was rented for $30.00 per 'hour, and Slocum furnished with that machine his regularly employed dragline operator, Richard Hathorn, and his regularly ' employed oiler, Herbert Peart.
Central did not own any heavy equipment such as draglines, cranes, bulldozers or cherry pickers. When it needed to have some heavy lifting done it customarily rented a machine which could do the job. Ordinarily it rented a dragline or crane by the hour, with the operator and the oiler. Central also employed some pipefitters from a local union to work in connection with laying the pipe, and some of those employees assisted in unloading the pipe from the gondola cars. Plaintiff Cooley and defendant Edwards were pipefitters employed by Central in that manner for this job.
The trial judge found that “Slocum had no control or supervision over how the crane or its operator unloaded the pipe from the railroad car,” that “Slocum did not furnish or control the chain or other devices being used to unload the pipe,” and that “the complete supervision of the crane operator, Richard Hathorn, as well as the other workers on the job were under the control of Central Plumbing Company and its pipefitters.” The trial court concluded that the dragline operator was a “borrowed servant,” or employee pro hac vice, of Central at the time of this accident, and that Slocum thus was not liable for the alleged negligent acts of Hathorn. He rendered a summary judgment, therefore, dismissing the suit against Slocum and his liability insurer, Maryland Casualty Company. The cases of Benoit v. Hunt Tool Company, 219 La. 380, 53 So.2d 137 (1951), and Kirkland v. Western Electric Company, Inc., 296 So.2d 350 (La.App. 4 Cir. 1974), were relied on as authority for that judgment.
We have concluded that there is a genuine issue of material fact as to whether Slocum’s regularly employed dragline operator, Hathorn, was under the “control” of Central or its employees to the extent that Hathorn became a borrowed employee or an employee pro hac vice of Central. The judgment appealed from, therefore, must be reversed insofar as it dismissed the suit against Slocum and its insurer, Maryland, and the case must be remanded for trial as to those defendants.
*609 There is a presumption that the general employer retains control and remains liable for the negligent acts of his employee. If the general employer seeks to establish that his employee has become the “borrowed servant," or an employee pro hac vice, of another, he must establish by a preponderance of the evidence not only that the employee has been loaned and is under the control of the borrowing employer, but also that the relationship of master and servant which theretofore existed between the general employer and the employee has been suspended. See Universal Eng. & B., Inc. v. Lafayette Steel Erector Corporation, 235 So.2d 612 (La. App. 3 Cir. 1970); Pagitt Well Service, Inc. v. Sam Broussard, Inc., 293 So.2d 631 (La.App. 3 Cir. 1974); Kezerle v. Hardware Mutual Casualty Company, 198 So.2d 119 (La.App. 3 Cir. 1967).
In the instant suit there is a legal presumption that Slocum retained control over his employee, Hathorn, and that Slocum remained liable for the negligent acts of that employee. Since Slocum seeks to avoid liability by showing that his employee was the borrowed servant of Central, the burden rests upon Slocum to establish by a preponderance of the evidence (1) that Hathorn had been loaned to and was under the control of Central; and (2) that the relationship of master and servant which theretofore existed between Slocum and Hathorn has been suspended.
The issue to be determined here is whether the evidence in the record establishes that Hathorn had been loaned to and was under the control of Central, and that the relationship of employer and employee no longer existed between Slocum and Hathorn, at the time of the accident. If there is a genuine issue as to any of those facts, then the summary judgment rendered by the trial court dismissing the suit as to Slocum and Maryland must be reversed.
Hathorn was an experienced and skilled dragline operator who had worked for Slocum for 21 years. His salary was paid by Slocum, and the latter made all of the required deductions from his salary checks. Hathorn stated in an affidavit that he was “under the direction and control of employees and agents of Central Plumbing and Heating Company, and the method of removing the pipe from the railroad car was selected by and under the direction and control of employees and agents of Central . . . ,” and that Hathorn “merely operated the crane as and when directed by employees of Central . . - . ” He testified, however, that he would not rely on pipefitters to tell him what he Can do with that machine, that he knew how far to extend the boom of the dragline so that it wouldn’t topple the machine over, that he determined where to position the crawler in order, to do the work, and that he would not let some pipefitter tell him how to operate that machine. When asked whether Guinn could tell him how to pick up the pipe, Hathorn answered, “No, sir. He couldn’t tell me that because that’s strictly against the union rules.”
Defendant Guinn stated that he “did not participate in nor actively control or supervise the method of removing the pipe from the railroad car on April 24, 1972.” Defendant Edwards, the foreman on the job, testified that:
“No. You see, he tells — Jimmy (Guinn) told me, he said I want to get the car unloaded. Well, I tell the men (Hathorn and Peart) we got the car around there, take the piece of equipment around there and unload it, and be careful. And they go around there. I go around — if I go around there, I can’t even tell — I can’t tell those guys how to do none of their work. I mean all I tell them is what I want done. How they do it, that’s their business.”
The evidence indicates that Guinn and the employees of Central merely pointed out to Slocum’s employee Hathorn the job which they wanted the dragline to do, *610 and that Hathorn exercised his own judgment as to the manner in which that work was to be performed. We think there is a genuine issue of material fact as to whether Hathorn was under the “control” of Central to the extent that he became a borrowed employee of the latter. The evidence in the record at least falls short of overcoming the burden which rests on Slocum of establishing that Hathorn not only was under the control of Central, but that the relationship of employer and employee no longer existed between Slocum and Hathorn.
Since there is a genuine issue of this material fact, we have concluded that the summary judgment rendered by the trial court dismissing the suit as to Slocum and his insurer, Maryland, must be reversed, and that the case should be remanded for trial on the merits as to those defendants.

Liability of Defendant Guinn

Plaintiff concedes that under existing jurisprudence a partner in the employing partnership is immune from individual tort liability for injuries sustained by an employee of that partnership. See Leger v. Townsend, 257 So.2d 761 (La.App. 3 Cir. 1972); Cockerham v. Consolidated Underwriters, 262 So.2d 119 (La.App. 2 Cir. 1972); and Bersuder v. New Orleans Public Service, Inc., 273 So.2d 46 (La. App. 4 Cir. 1973). These cases hold that a partner cannot be held individually liable in tort for injuries caused by him and suffered by an employee of the partnership. Citing Professor Harrison’s analysis at 34 La.L.Rev. 265, plaintiff argues that the above cases should be reversed, that defendant Guinn should be decreed to be an employee as well as a partner of Central at the time the accident occurred, and that Guinn should be decreed to be liable for the damages sustained by plaintiff.
We think the trial judge correctly applied the holdings in the above cases to the issue presented here. We thus affirm that part of the judgment appealed from which dismisses this suit as to defendant Jimmy B. Guinn,

Liability of Maryland Casualty Company

We have held that plaintiff’s petition states a cause of action against Maryland Casualty Company under the policy which it issued to Slocum, that the summary judgment rendered by the trial court dismissing the suit as to Slocum and Maryland must be reversed, and that the case must be remanded for trial as to those two defendants.
Cooley, however, bases his claim against Maryland on three different insurance policies, one being the above mentioned policy issued to Slocum and the other two policies having been issued by Maryland to Central. Plaintiff makes only one demand against Maryland, as well as against the other defendants, and that is for a money judgment for the damages he sustained as a result of the above accident. He simply alleges three separate causes of action as the basis for his demand against Maryland. We have determined that plaintiff is entitled to maintain the suit as to one of those causes of action, and the question presented now is whether we should go further and determine whether he also has a cause of action against Maryland under either of the policies issued to Central.
Our Supreme Court held in Stevens v. State Mineral Board, 255 La. 857, 233 So. 2d 542 (1970), that Article 966 of the Louisiana Code of Civil Procedure was not intended to be used to permit “piecemeal” trial, or usurp the function of the well recognized exceptions of no right and no cause of action. Rather it was intended to be used only in cases where there is no material issue of fact to be determined; where a judgment for either party might be rendered in the case (depending on how the legal issues are resolved); and where such a judgment disposes of the entire case.
*611 That rule was applied by the Fourth Circuit Court of Appeal in Laird v. Travelers Indemnity Company, 237 So.2d 900 (La. App. 4 Cir. 1970). See also Laird v. Travelers Indemnity Company, 236 So.2d 561 (La.App. 4 Cir. 1970).
In addition to the authorities cited, it is appropriate to note the settled rule that an exception of no cause of action will be overruled if the petition sets forth a cause of action in any respect. Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); International Harvester Credit Corporation v. McGill, 281 So.2d 795 (La. App. 3 Cir. 1973). We think the same rule should be applied to summary judgments.
In view of the above authorities, it is unnecessary for us to determine whether plaintiff has a cause of action against Maryland under either of the policies which it issued to Central. Since plaintiff is entitled to maintain the suit against Maryland on one cause of action, the summary judgment dismissing the suit as to that defendant must be reversed and the case remanded for trial.
We make it clear that we are not determining in this opinion whether plaintiff does or does not have a cause of action against Maryland under either or both of the policies which it issued to Central. Those issues are to be determined by the trial court when the case is tried on its merits.
For the reasons assigned, the judgment appealed from is reversed insofar as it dismisses plaintiff’s suit against defendants, J. W. Slocum and Maryland Casualty Company, and judgment is hereby rendered denying the motions of Slocum and Maryland Casualty Company for summary judgments, and remanding the case to the trial court for further proceedings consistent with the views herein expressed. The judgment appealed from is affirmed in all other respects, and particularly insofar' as it dismisses plaintiff’s suit against defendant, Jimmy B. Guinn. The costs of this appeal are assessed to defendants-appellees, J. W. Slocum and Maryland Casualty Company.
Affirmed in part; reversed in part; and rendered.
WATSON, J., concurs in part and dissents in part, assigning written reasons.