430 So.2d 779 (1983)
Jean RICHARDS
v.
Jerry M. DANIELS, et al.
No. 82-CA-171.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
Jacob Taranto, III, New Orleans, for plaintiff/appellant.
J. William Starr, Gretna, Alice M. Lewis & Edward P. Lobman, Lobman & Carnahan, Metairie, David J. Mitchell, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants/appellees.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
This case comes before this Court on an appeal by plaintiff from two Summary Judgments by the district court dismissing, at plaintiff's costs, her suit against defendants, William Thomas, Cecil Drayton, Hector Elliott and Robin M. Turner. We affirm the judgments of the district court.
The facts in this case are not in dispute and are narrated in Allegation II of plaintiff's petition, from which we quote:
On or about the 18th day of October, 1980, plaintiff, Jean Richards, was a guest passenger in a 1968 Pontiac [car] owned by defendant, William V. Thomas and operated by defendant, Cecil C. *780 Drayton, with defendant Thomas' full permission and consent. Defendant, Drayton, was operating said vehicle in an east-bound direction on U.S. Highway 90B approximately sixty feet (60') west of that highways intersection with La. Highway 45. At said intersection, the traffic flowing in an east-bound direction is controlled by a traffic signal, which immediately prior to the accident complained of herein, was red for the flow of traffic heading in an east-bound direction, thereby causing the vehicle occupied by plaintiff, Richards, and operated by defendant, Drayton, to be stopped, waiting for said light to change. At the same time, defendant, Robin M. Turner, was operating a 1977 Ford [car 2] owned by defendant Hector Elliot, in the same direction, on the same highway, namely U.S. 90B, and was also stopped in obeyance of the traffic light, which was red as stated above. Also traveling in the same direction, was defendant, Jerry M. Daniel, who was behind defendants Drayton and Turner, when suddenly, violently, and without warning, the vehicle being operated by Jerry M. Daniel [car 3], struck the rear of the vehicle operated by defendant Turner [car 2], which in turn, struck the rear of defendant Drayton's vehicle [car 1], in which plaintiff Jean Richards was a guest passenger, all causing her the damages and injuries complained of hereinafter.
A motion for summary judgment was filed by Hector Elliott and Robin M. Turner, appellees herein, on or about June 7, 1982. Attached thereto was the police report for the accident of October 18, 1980 as well as a sworn affidavit executed by Robin M. Turner, the operator of the vehicle owned by Mr. Elliott. After argument on July 6, 1982, a judgment was signed that same day by Judge Lionel R. Collins, summer duty judge of the Twenty-Fourth Judicial District Court, dismissing the suit of plaintiff, Jean Richards, as to Hector Elliott and Robin M. Turner, the court finding that there was no issue of material fact and that movers were entitled to judgment as a matter of law.
Thereafter, another motion for summary judgment was filed, this time by co-defendants William V. Thomas and Cecil C. Drayton, basically adopting and/or realleging the memorandum that had been filed by Hector Elliott and Robin M. Turner's in support of their motion for summary judgment, as well as adopting the police report and affidavit of Robin M. Turner. After a hearing on this second Motion for Summary Judgment, Judge Jacob Karno, Division "J" of the Twenty-Fourth Judicial District Court, to whom the case was regularly allotted, on October 7, 1982, signed a judgment dismissing the suit of Jean Richards as to William V. Thomas and Cecil C. Drayton.
We have no argument with plaintiff's contention that a Motion for Summary Judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact, and that the moving party is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the Court is a Summary Judgment warranted. LSA-C. C.P. art. 966;[1]Vermillion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
In the case before us, both the plaintiff and the defendant agree on the facts, that is that both car # 1 and car # 2 were stopped in response to a red traffic signal when car # 3 struck the rear of car # 2, propelling it into the rear of car # 1.
*781 Plaintiff introduced no affidavits, nor submitted any admissions or answers to interrogatories, but, rather, relied solely on the allegations in her petition, none of which raise any issue of material fact. We agree with our brothers of the Fourth Circuit, who, in Lewis v. Pailet, 349 So.2d 338 (La.App. 4th Cir.1977), Writ Denied, stated:
A party who opposes a properly supported motion for summary judgment cannot rely upon the bare allegations or denials of his pleadings, but must respond by affidavit or as otherwise provided and must set forth specific facts showing the existence of a genuine factual issue for trial. LSA-C.C.P. Articles 9661 and 9672.
Appellant also contends that Summary Judgment was improperly granted in this case in light of plaintiff's plea of res ipsa loquitur. In the landmark case of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (La.1972), the Louisiana Supreme Court expounded as follows:
It is the settled jurisprudence of this State that the doctrine of res ipsa loquitur is not a rule of pleading or substantive law, but rather a rule of evidence. Minton v. Continental Insurance Company, La.App., 110 So.2d 789, 792 (1959)....
The principle of "res ipsa loquitur" (the thing speaks for itself) sometimes comes into play as a rule of circumstantial evidence, whereby negligence is inferred on the part of a defendant because the facts indicate this to be the more probable cause of injury in the absence of other asplausible explanation by witnesses found credible. Pilie v. National Food Stores of Louisiana, 245 La. 276, 158 So.2d 162 (1963).
... The real test of applying res ipsa loquitur ... [is] as follows: "Do the facts of the controversy suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident?" Pilie v. National Food Store, [supra].
The plaintiff's own petition suggests that the most plausible explanation of the accident in this case was the inability of car # 3 to come to a stop before striking car # 2 and forcing it into car # 1, and Article II thereof is almost an exact replica of the affidavit of Robin Turner. Plaintiff introduced nothing into the record which would even infer any other explanation. Additionally, plaintiff did not deem it necessary to submit a memorandum in opposition to the Motions for Summary Judgment.
We do not find it necessary to address appellant's contention that the unverified and unsworn police report should not have been considered as we find this document was surplusage and did not have to be considered by the trial judges in view of allegations in plaintiff's petition and the uncontroverted affidavit of Robin Turner which were sufficient in themselves for the rendition of each of the Summary Judgments herein.
In respect to the defendants who were dismissed from this suit by summary judgment, the drivers and owners of cars # 1 and # 2, we find no issue as to any material or pertinent facts or circumstances surrounding the accident in question. By plaintiff's own admission, both car # 1 and car # 2 were stopped at the time of the accident. Hence, the alleged negligence of appellees complained of in plaintiff's petition could in no way be material.
We are of the opinion that the learned trial judge was eminently correct in granting Summary Judgment in both instances and, accordingly, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Art. 966.

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.