NORRIS, Judge.
This is a suit on a promissory note and continuing guaranty agreement. The bank moved for and was granted a summary judgment. The guarantors, Mr. and Mrs. Davis, have appealed. For the reasons expressed, we affirm.
American Bank loaned $69,528.39 to A-l Sheet Metal Inc. in 1984. The Davises and the Cambres signed continuing guaranty agreements. The note provided for a variable “Prime Plus 2” interest rate adjusted monthly and for 20% attorney fees. On January 14, 1985, Mr. and Mrs. Davis sold their corporate interest back to the corporation. Mr. Cambre, the remaining shareholder, gave the Davises an indemnification agreement for any of A-l’s debts that they may have to pay. On April 15, A-l defaulted on the loan. The bank sued all the guarantors on May 13. The Davises answered with a general denial and filed a third-party demand against Mr. and Mrs. Cambre and A-l. The Cambres also answered with a general denial.
The bank then moved for summary judgment. It attached verified copies of the note, a record of payments showing credits to principal and interest, and the guaranty *1078 agreements. It also attached an affidavit of ownership of the note and correctness of the balance due, averring that the unpaid balance was $32,548.44 and that the interest rate from the date of the last payment to the due date of the note was 13.25%. It finally attached an affidavit of attorney fees. The motion was set to be heard on July 24.
On July 22, the Davises filed a motion opposing summary judgment. They attached an affidavit that first alerted the court to the indemnity agreement. It then averred that when the corporation defaulted, the Davises were no longer involved in its business affairs and could not meaningfully challenge the accuracy of the bank’s figures. It also contested the attorney fee provisions.
By stipulation, the bank withdrew its demand for attorney fees in the summary judgment. The trial court then granted the judgment as requested, without attorney fees. The judgment recognized the Davis-es’ right of indemnity against A-l and Mr. Cambre.
The Davises have appealed with two arguments. They first claim that their affidavit created a genuine issue of material fact by challenging the credit for interest paid while the rate fluctuated. They claim the monthly interest rates were unproved. They also reiterate that they had divested themselves of corporate interest in January and therefore had no access to records that would disprove the bank’s figures. Thus their second argument is that given this state of affairs, the trial court should have ordered a continuance so they could arm themselves with contradictory evidence. This would be permissible under LSA-C. C.P. art. 967, which provides in part:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
A motion for summary judgment should be granted if and only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mov-ant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La.1981); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
The movant has a burden of affirmatively showing the absence of a genuine issue of material fact; any doubt is resolved against granting the motion. White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.1981), writ denied 403 So.2d 68 (La.1981). The papers supporting the movant’s position must be closely scrutinized while the opposing papers are to be indulgently treated in determining whether the movant has satisfied its burden. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The bank’s affidavit, with its various verified attachments, amply prove its right to summary judgment as a matter of law. The Davises nevertheless contend that their claims of lack of information create a slight doubt as to the amount of the debt and that summary judgment was therefore improper.
On this point, however, the jurisprudence is equally well established that the opponent cannot upset the movant’s case simply by casting bare allegations and general denials. The opponent’s affidavit must set forth specific facts that show the existence of a genuine issue for trial. Lewis v. Pailet, 349 So.2d 338 (La.App. 4th Cir.1977), writ denied 350 So.2d 1213 (La.1977); Richards v. Daniels, 430 So.2d 779 (La.App. 5th Cir.1983).
The Davises’ allegations are of the barest kind. They have not pointed up a single contradictory fact, nor indicated any source of discovery that would undercut the interest rate or the method of calculating credits. A showing of this type would easily justify denial of the motion. See *1079 Vassallo v. Southwestern Packing and Seals, 476 So.2d 925 (La.App. 2d Cir.1985), where the opponent showed simple inconsistencies in the movant’s exhibits, and we reversed the summary judgment.
The bulk of Davises’ motion, and the whole of their memorandum of authorities, is devoted to the attorney fee issue. This element of the case, however, was abandoned by the bank for purposes of summary judgment. Thus these strong arguments are not relevant to the rest of the case and certainly have no bearing on the question of the amount of the principal and interest. In sum, the Davises’ allegations are not sufficient to create a genuine issue of material fact required under art. 966.
The argument that the Davises were entitled to a continuance for additional discovery is also without merit. The Davises received personal service of the original petition on May 16. The hearing on the motion for summary judgment did not come up until July 24, over two months later. This is adequate time for discovery. Failure to conduct discovery here suggests a lack of due diligence, thus destroying any peremptory right to continuance. LSA-C. C.P. art. 1602. Cf. Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984), writ denied 448 So.2d 1303 (La.1984), where the opponent had “over a month” to defend a third party demand, and we held denial of continuance proper. Likewise, a request for discretionary continuance is inappropriate here. LSA-C.C.P. art. 1601; Reggio v. La. Gas Service Co., 333 So.2d 395 (La.App. 4th Cir.1976), writ denied 337 So.2d 187, 526 (La.1976); Allen v. Riley Mobile Home Sales, 307 So.2d 773 (La.App. 3d Cir.1975).
Moreover, we have found nothing in the record to prove that the Davises ever moved for continuance for additional discovery. We cannot say the trial court erred in failing to grant a motion that might not have been made. LSA-C.C.P. arts. 961; 1603, official revisions comment (b).
There was one other issue raised in the Davises’ affidavit but apparently abandoned on appeal. They claimed that the indemnity agreement insulated them from a judgment in favor of American Bank. The agreement, however, only regulates the obligations between the sureties. The obligation between the bank and the Davis-es was never extinguished. LSA-C.C. art. 3059. The agreement provides that A-l will indemnify them for any losses. The judgment incorporates this and is therefore correct.
The Davises’ opposition did not create a genuine issue of material fact and did not prove their entitlement to continuance. The summary judgment was properly granted and is affirmed. The costs of appeal are assessed to appellant.
AFFIRMED.