SCHOTT, Chief Judge.
The automobile accident provoking this suit occurred as follows: Plaintiff, Lirette, was driving his pickup truck north along Highway 23 approaching the bridge over the Intercoastal Canal when he came upon a long line of traffic stopped ahead of him for the open drawbridge. As he was stopped a truck driven by appellee, Cunningham, came to ⅜ stop behind Lirette. Some time later (Lirette said twenty minutes) while Lirette and Cunningham were so stopped a vehicle operated by Ott ran into the rear of Cunningham’s vehicle propelling it into Lirette’s.
Lirette sued Ott and his (Lirette’s) own insurer, Liberty Mutual, for damages caused by Ott. Liberty Mutual filed a third party demand against Cunningham and his liability insurer for contribution based upon Cunningham’s alleged negligence which contributed as a cause of Lir-ette’s damages. Cunningham and his insurer filed a motion for summary judgment which the trial court granted dismissing Liberty Mutual’s third party demand. Liberty Mutual has appealed contending that *1068 there are genuine issues of material fact precluding summary judgment.
In addition to the facts summarized above, the pleadings and Lirette’s deposition established that the accident happened at about noon on June 19, 1986, it was raining at the time, Lirette and Cunningham were stopped about a mile from the open drawbridge with two lanes of traffic stopped for the open bridge when Ott ran into Cunningham.
Appellees were entitled to summary judgment if the pleadings and depositions show that there is no genuine issue of material fact and that they were entitled to judgment as a matter of law. C.C.P. art. 966. Appellant contends that the summary judgment was erroneously granted because appellees’ documents leave these issues to be resolved: the distance between Lirette’s and Cunningham’s vehicles and the question of whether Cunningham had emergency flashing or other lights on his vehicle.
As to the distance between Lirette and Cunningham, appellant argues that this was too close considering that although Cunningham was pushed into Lirette, Lirette did not strike the vehicle ahead of him. Aside from the fact that this is a non-sequitur, there is no law requiring a motorist who stops behind a line of stopped automobiles to maintain a certain distance behind the forward stopped vehicle. Appellant cites cases where drivers of moving vehicles were held to be negligent for violating R.S. 32:81 by following more closely than reasonable but these cases involved moving vehicles. Appellant fails to cite any authority for applying R.S. 32:81 to the instant case.
Similarly, appellant cites no authority and we know of none requiring Cunningham to activate emergency or other lights under these circumstances. Appellant’s cases involve vehicles which became disabled on the highway and the duty of the driver of such a vehicle to warn following motorists of the presence of this unexpected obstruction in the highway. Such duty does not extend to a driver like Cunningham who was confronted with a mile long double line of vehicles all stopped and waiting for a drawbridge to close.
Consequently, appellant’s claimed factual issues are immaterial. Even if presumed to be established in appellant’s favor, appellant still loses as a matter of law. This conclusion is consistent with Richards v. Daniels, 430 So.2d 779 (La.App. 5th Cir.1983).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.