LeBLANC, Judge.
This is an appeal from a judgment holding appellant was not entitled to a refund of taxes paid under protest. We affirm.
The dispute in this case centers upon the issue of whether Ryder Truck Rental, Inc., a corporation in the business of leasing trucks for private and commercial use, was entitled to a deduction, from lease taxes due to the taxing authority, for the amount of sales tax it paid upon the vehicles it leased to customers. Ryder’s attempts to claim such a deduction for the period from April, 1983 through December, 1984 and for the month of June, 1985 were disallowed. After paying the lease taxes for these periods under protest, Ryder filed suit against Mr. Otha L. Schofield, Director of Finance for the City of Baton Rouge and the Parish of East Baton Rouge, seeking a refund.
The parties filed opposing motions for summary judgments. After several hearings on these motions, the trial court granted the defendant's motion for summary judgment. Ryder now appeals this judgment, raising the following issues.[1]
1. Whether the trial court committed error in its legal determination that the City of Baton Rouge was not required to honor the sales/lease tax deduction claimed by Ryder.
2. Whether the trial court erred in failing to consider whether an issue of material fact existed regarding whether the City of Baton Rouge had ever previously allowed the deduction claimed by Ryder.
ISSUE ONE
Ryder’s argument that the City of Baton Rouge was required to allow the claimed deduction is based upon Ryder’s position that under La.R.S. 33:2712 the City is only authorized to tax “transactions identical to those taxed by the State in R.S. 47:301-47:317.”- La.R.S. 33:2712, which deals with the imposition of taxes by municipalities, provides as follows:
Said sales tax shall be imposed by an ordinance of the governing body and shall be levied upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the municipality, all as presently defined in R.S. ⅛7:301-⅛7:317 ... (underscoring provided)
Ryder interprets the language “all as presently defined in R.S. 47:301-47:317” as allowing the City to impose taxes only upon the same transactions, and in the same manner, which are taxed by the State. The next prong in Ryder’s argument is that, until its repeal in 1982, former La.R.S. 47:302(D)[2] allowed a deduction from state taxes, otherwise due on certain truck rentals, for sales or use taxes previously paid on the trucks. Since it would have been *405 entitled to a deduction on state taxes under this provision until its repeal in 1982, Ryder contends the City would have been obligated under La.R.S. 33:2712 to also allow this deduction from the taxes due to it on truck rentals. Ryder argues that the City was obligated to continue allowing this deduction even after the state tax deduction in 47:302(D) was repealed because the repeal of a deduction or exemption formerly allowed by the City is equivalent to the imposition of a new tax, which is not permissible without the City passing a tax ordinance and holding a tax election prior to its imposition.
We find Ryder’s arguments to be without merit. In Liter v. City of Baton Rouge, 258 La. 175, 245 So.2d 398 (La.1971), the Louisiana Supreme Court recognized that the taxing authority of the City of Baton Rouge is derived from its city charter rather than the general statutes authorizing municipalities to levy and collect sales and use taxes. The Court further held that:
We find nothing whatsoever in Act 285 of 1950, LRS 33:2711 et seq. (which permits municipalities, generally, to impose a 1% sales tax) indicating an intention on the part of the legislature to repeal the special provisions of the charter of the City of Baton Rouge, and are of the opinion that the immediate action of the legislature in amending the repealing clause at the special session reveals that it did not so intend.... Consequently, we conclude that the ruling of the district court that the city’s taxing power was in no way impaired by said general enactment is correct. 245 So.2d at 403.
Therefore, it is clear that, regardless of how its language is interpreted, Ryder’s argument that La.R.S. 33:2712 mandated the City to allow every deduction or exemption permitted by state law with respect to state taxes is not well-founded, since this provision is not applicable to the City. The City was not mandated to allow the state tax deduction provided in La.R.S. 47:302(D), either before or after its repeal.
Ryder also contends it is entitled, pursuant to the exemption authorized by La.R.S. 47:305.36, to a refund of the taxes it paid under protest. This provision, which was enacted by Act 415 of 1982 (the same act which repealed former R.S. 47:302(D)), altered the nature of the state tax relief accorded certain motor vehicle lessors from a tax deduction to a tax exemption. We conclude that Ryder is not entitled to a refund under this provision for two reasons. Firstly, for the same reasons explained above with respect to the tax deduction provided in R.S. 47:302(D), the City is not mandated to allow the exemption provided in R.S. 47:305.36. Secondly, this conclusion is supported by La.R.S. 33:2716.1. Although this provision may not be applicable to the City "under the rationale of Liter, it provides persuasive authority for the conclusion that the exemption claimed by Ryder is not applicable to taxes imposed by the City. La.R.S. 33:2716.1 provides that state sales and use tax exemptions granted after June 29, 1978 are not applicable to sales and use taxes levied by municipalities, unless the state exemption specifically provides that it is applicable to such taxes. The exemption provided in La.R.S. 47:305.36 was enacted in 1982 and does not state that it is applicable to sales and use taxes levied by municipalities. Therefore, this exemption is not applicable to sales and use taxes imposed by municipalities.
ISSUE TWO
Ryder maintains the judgment rendered in this case was improper due to the existence of two issues of material fact precluding summary judgment. It is well-settled that a summary judgment should be granted only if there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Nathans v. Vuci, 443 So.2d 690 (La.App. 1st Cir.1983). If a moving party sufficiently establishes by supporting affidavits and documents that there are no issues of material fact and that it is entitled to judgment as a matter of law, summary judgment is appropriate unless the opposing party presents affidavits or other appropriate evidence showing that an question of material fact remains at issue. The *406 party opposing the motion may no longer rest on mere allegations at that point, but must come forward with specific facts showing there is a genuine issue for trial. La.C.C.P. art. 967; Nathans, supra.
The two issues of material fact which Ryder maintains still exist in this matter are: (1) whether the City has ever allowed the deduction claimed by Ryder, and (2) whether Ryder has been allowed to take this deduction in numerous other localities of the State. Initially, we conclude that the second factual issue alleged by Ryder is not material to this dispute. As we have previously noted, and as has been recognized by the Supreme Court, the particular taxing authority of the City is derived from its city charter. Liter, supra. Ryder has cited no authority, and we have located none, to support Ryder’s argument that the taxes imposed by the City must be uniform with those imposed by other municipalities. Thus, the issue of whether other local taxing authorities allowed a deduction such as that claimed by Ryder is not germane to the present proceeding.
With respect to the other alleged issue of fact, i.e. whether the City ever allowed the deduction in question, Ryder contends that, if the City did allow the deduction at one time, it “must continue to do so, absent some sort of action on their behalf to change their tax law or to at least notify the taxpayers of the proposed change.”[3] Ryder has made the claim in these proceedings that it has previously taken the deduction allowed by La.R.S. 47:302(D), prior to its repeal, on its Baton Rouge city taxes. The City of Baton Rouge disputed this claim, and in support of its position filed copies of Ryder’s monthly tax returns beginning in January, 1980, as an attachment to its motion for summary judgment. The City also filed the affidavit of Mr. George Marretta, the revenue manager of the City of Baton Rouge, which stated that “based on his extensive knowledge of exemptions, deductions and credits that have been allowed by the City-Parish at least since 1977, no truck rental company has ever been allowed an exemption, deduction, or credit from taxes due on the purchase price or on the lease or rental costs.”
Despite Ryder’s original claim that it has previously taken the deduction at issue from its Baton Rouge city taxes, the tax returns filed by the City establish that Ryder had not claimed this deduction for a period in excess of three years prior to June, 1983, which the City contends was the first time Ryder attempted to claim this deduction. Ryder does not dispute the accuracy of the returns, but rather argues that they are inconclusive as to the issue of whether the deduction was ever allowed because these records only go back to 1980.
However, in the face of the undisputed fact that it did not take this deduction from its city taxes for such an extensive period immediately preceding the tax periods in question, we do not believe Ryder was entitled to rely on its bare allegation that it had previously taken this deduction as the basis for establishing the existence of a genuine issue of fact. At this point, it was incumbent upon Ryder to come forward with specific facts showing that an issue of fact did exist regarding this matter. We note, in particular, that it should have been easily within Ryder’s power to produce its own prior tax returns showing this deduction had been taken, if in fact any such returns existed. Ryder never offered any explanation for its failure to do so, but merely relied upon the bare assertion that Ryder officials believed it had previously taken the claimed deduction and/or that this deduction had always been allowed by the City. In light of the affidavit and documents filed by the City, we find Ryder’s assertion insufficient to establish the existence of a genuine issue of fact regarding whether it had previously been allowed this deduction. A party opposing a motion for summary judgment cannot upset the mov-ant’s case simply by casting bare allegations. La.C.C.P. art. 967; American Bank & Trust Co. v. Cambre, 486 So.2d 1076 (La.App. 2nd Cir.1986).
*407 Ryder also argues a factual issue existed as to whether other truck rental companies previously have been allowed to take the deduction in question from Baton Rouge city taxes. In support of this contention, Ryder introduced the affidavit of Mr. M.L. “Bud” Mapes. In this affidavit, Mr. Mapes avers that he heard statements made by representatives of various lessors, some of whom were doing business in East Baton Rouge Parish, to the effect that these lessors took a tax credit for the sales taxes they paid on the purchase of trucks on their municipal tax returns. We find this affidavit clearly insufficient to establish a genuine issue of fact. This affidavit, which is based on hearsay rather than personal knowledge, is not entitled to any weight in this matter.
Lastly, Ryder contends it should have been given an opportunity to develop further evidence through discovery as to the issues of facts which it alleges remain unresolved. It maintains that it was unable to do so, despite diligent efforts, prior to the submission of this case on summary judgment. We are not persuaded by Ryder’s argument. The original petition in this case was filed by Ryder on October 24, 1986. Ryder’s own motion for summary judgment was filed on February 9, 1988, while the City’s motion was filed on March 8, 1988. Multiple hearings were held on these motions, the final one being on October 21, 1988. At this final hearing, the trial court gave the parties a week to file any additional affidavits. Under these facts, we believe Ryder had ample time to conduct discovery. Further, there is no indication that Ryder ever requested a continuance for the purpose of further discovery. See American Bank & Trust Co. v. Cambre, 486 So.2d 1076 (La.App. 2d Cir.1986).
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff-appellant, Ryder Truck Rental, Inc., is to pay all costs of this appeal.
AFFIRMED.

. Ryder’s specifications of error and arguments in this appeal are directed toward the City of Baton Rouge only.

. Prior to its repeal, this provision provided, in pertinent part, as follows:
Sales or use tax paid to this state on new motor trucks and new motor tractors licensed and registered for 12,000 pounds or more under the provisions of R.S. 47:462, new trailers and new semi-trailers licensed and registered for 16,000 pounds or more under the provisions of R.S. 47:462 for rental may be deducted as a credit on the tax due on the rental of each item of said property so that no tax is payable on rental income until the tax paid on the purchase price has been exceeded. Sales tax paid to another state on the purchase price of such trucks, tractors, trailers and semi-trailers is not deductible from the tax subsequently due on the rental of such property in this state.
If the tax on rental income fails to exceed the credit for sales or use tax paid, no refund is due the purchaser.

. We pretermit consideration of the legal merits of Ryder's argument, which it at one point incorrectly terms the doctrine of contemporaneous construction, since, for the reasons hereafter stated, we find no credible support for Ryder’s allegations that the City has previously állowed this deduction.